PRONARR, in assumpsit on appeal from a justice of the peace. The plaintiff below, Smith, had sued the defendant *Page 449 
below, Stroud, for $100 on the following agreement. Smith was Mail Agent of the Post Office Department on the route between New York and Washington at a salary of twelve hundred dollars a year, and Stroud was Night Clerk in the Post Office in Wilmington at a salary of seven hundred dollars a year. Stroud proposed to Smith that they should exchange positions and offered to pay him two hundred dollars a year if he would do it, so long as-they both should retain their respective positions after the exchange, which Smith accepted, and the exchange was accordingly made between them. They were both discharged from the service in about seven months afterward and the amount sued for was demanded under the agreement which was verbal only.
Bird, for the defendant below, moved to enter a nonsuit. First, because the agreement was illegal and void as contrary to public policy. 1 H. Black. 322. 1 Brown's Ch. Ca. 125. Cowp.
341. 3 Marsh. 433. Ch. on Contr. 672, 720 2 N. H. 517. 6 N.H. 183. 2 Bibb 453. Add. on Contr. 93, 98.Comst. 449. 16 How. 162. Secondly, it was not a contract to be performed in one year and was verbal only. 2 Harr. 162. And thirdly, it was not a cause of action within the jurisdiction of a justice of the peace.
Nields, for the plaintiff below. If the agreement and the exchange of offices was made by the parties with the knowledge of the proper authorities of the Post Office Department, it was valid and not void in contemplation of law, and in the absence of any proof on that point, the court would not be warranted in presuming that it was done without their knowledge. Add on Contr. 138. It was certain that the exchange of the offices, at least, was made with their knowledge and approbation, and being; satisfied with the integrity, qualifications and fitness of each for the respective positions to which they were appointed on their resigning the places before filled by them what vice, immorality, or impropriety was there in the *Page 450 
agreement to invalidate it on the ground that it was against public policy' It was not an agreement within the statute of frauds, for no term or time was limited in it and it terminated in seven months.
By the Court. Public offices in this country are created solely for the public good, and not for private emolument or benefit, and the tenure of them can in no case be considered or treated as the private property of the incumbent to be bargained for and sold as such. And such being the theory and spirit and constitution of our government such an agreement as this is incompatible with it and against public policy, and as such no action at law can be maintained upon it. Let a nonsuit be entered.